ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 09-40008-01-JAR |
| | ) | |
| SCOTT D. BECKER, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is movant Brenda G. Becker's Petition for Ancillary Proceeding and for

an Order Striking Lis Pendens Notice and for Related Relief (Doc. 104). The government has

responded and opposes the motion. The Court has reviewed the briefs and is prepared to rule.

As described more fully below, movant Brenda Becker's motion is granted in part and denied in

part. Movant's petition for ancillary proceeding is denied and her request for an order striking

the *lis pendens* notice is granted.

*Background*

The Indictment in this matter was filed on February 18, 2009. Against defendant Scott

Becker, the Indictment alleges one count of conspiracy to commit theft, embezzlement and

misapplication by a bank officer and employee in violation of 18 U.S.C. §§ 2 and 656 and thirty-

three counts of theft, embezzlement and misapplication by a bank officer and employee in

violation of 18 U.S.C. §§ 2 and 656. The Indictment contains a Forfeiture Notice and Allegation

pursuant to 18 U.S.C. § 982(a)(2)(A), for "any property, real or personal, which constitutes or is

derived from proceeds obtained directly or indirectly as a result of such violations, . . ." The

Indictment provided defendants notice that it would be seeking substitute assets if necessary.[1]

On April 1, 2009, the government filed a Bill of Particulars in Respect to the Forfeiture Notice & Allegations (Doc. 24); and on August 6, 2009, the government filed a Bill of Particulars in Respect to the Forfeiture Notice & Allegations First Supplemental (Doc. 77). In both bills of particular, the government provided "notice of its intention to seek to forfeit substitute assets, including but not limited to the following tracts of real estate, . . ." In Doc. 24, the government specifies sixteen tracts of real estate and in Doc. 77, the government specifies two additional tracts of real estate. The parties appear to agree that most of these tracts of land are owned by defendant Scott Becker's wife Brenda Becker, the movant. Brenda Becker submitted a declaration with her motion stating that she has a corporate ownership interest in almost all of the properties listed in the bills of particular. The only parcel of land identified in the bills of particular that Brenda Becker does not claim an interest in is Tract 5 in Doc. 24, which is solely owned by defendant Becker's daughter, Ashton Becker.

Movant Brenda Becker argues in the instant motion that the bills of particular in Docs. 24 and 77 operate as *lis pendens* notices and improperly restrain substitute assets under Tenth Circuit authority. The government responds that Brenda Becker's motion is premature because third parties may not adjudicate their interest in forfeited property until the post-conviction ancillary proceeding, after the Court enters a preliminary order of forfeiture. Moreover, the government argues that Brenda Becker lacks standing to contest the *lis pendens* because any interest Brenda Becker has in the property was fraudulently conveyed.

---

[1](Doc. 1 ¶ 14B.)

*Discussion*

The Tenth Circuit held in *United States v. Jarvis* [2] that the government cannot impose

pretrial restraint on substitute assets:

> In contrast, the statute treats the United States' interest in
> substitute property—property that neither comprises the fruits of
> nor is connected to the defendant's alleged crime—differently than
> it treats the government's interest in § 853(a) tainted property.
> Pursuant to § 853(p), forfeiture of substitute property cannot occur
> until after the defendant's conviction and a determination by the
> trial court that the defendant's act or omission resulted in the
> court's inability to reach § 853(a) assets. *See* § 853(p)(1)(A)-(E);
> Fed. R. Crim. P. 32.2(e)(1)(B). Both the relation-back and the
> protective order provisions of § 853 are silent as to § 853(p)
> substitute property. *See* § 853(c), (e). Unlike the pre-conviction
> interest the government may claim in tainted § 853(a) property, §
> 853(c) thus does not explicitly authorize the United States to claim
> any pre-conviction right, title, or interest in § 853(p) substitute
> property. Furthermore, all but one federal court of appeals to
> address the issue has determined the legislative silence regarding
> substitute property in § 853(e) precludes pre-conviction restraint of
> substitute property. The statute, therefore, imposes specific
> preconditions on the government's ability to claim title to the
> defendant's substitute property, preconditions which can only be
> satisfied once the defendant has been convicted. *See, e.g., United*
> *States v. Misla-Aldarondo*, 478 F.3d 52, 75 (1st Cir.2007)
> (explaining forfeiture of substitute assets or the ability to reach
> additional assets to satisfy a money judgment requires the
> government to show "the principal forfeitable assets . . . are
> unavailable at the end of the trial"); *United States v. Casey*, 444
> F.3d 1071, 1076-77 (9th Cir.2006) (holding money judgment for
> substitute assets may be ordered when tainted assets are
> insufficient to satisfy a forfeiture order); *United States v. Parrett*,
> 469 F. Supp. 2d 489, 493 (S.D. Ohio 2007) (stating government
> has no "proprietary interest" in § 853(p) substitute assets prior to
> judgment ordering substitute assets forfeited). As a consequence,
> the United States does not have a ripened interest in § 853(p)
> substitute property until (1) after the defendant's conviction and
> (2) the court determines the defendant's § 853(a) forfeitable

---

[2]499 F.3d 1196, 1204 (10th Cir. 2007).

> property is out of the government's reach for a reason enumerated in § 853(p)(1)(A)-(E).[3]

In accordance with *Jarvis*, the Court finds that the government has no property interest in the real estate itemized in the bills of particular filed as Docs. 24 and 77. Both of those documents clearly identify the parcels of land as substitute assets—there is no question about whether these are tainted properties under § 853(a). Defendant Becker has neither been convicted, nor has the Court determined that defendant's tainted property is out of the government's reach. Therefore, the government does not have a ripened interest in the property enumerated in Docs. 24 and 77 and may not impose pretrial restraints upon it.[4]

The government argues that Brenda Becker's motion is premature because third parties who have claims to property that the government seeks to have criminally forfeited cannot intervene in the criminal action against the defendant.[5] Instead, they must wait until the court has entered a forfeiture order based on a criminal conviction, and then petition the court for a hearing to adjudicate their interest in the property. But while Brenda Becker captioned her motion, in part, as seeking an ancillary proceeding, she is not attempting to intervene for purposes of the post-conviction forfeiture process. To the extent she seeks an ancillary proceeding as contemplated in Fed. R. Crim. P. 32.2(e) and § 21 U.S.C. § 853(n), the motion is denied. Brenda Becker's motion objects to the pretrial, pre-conviction restraint of substitute assets. Therefore, the government's argument that the motion is premature is without merit.

---

[3]*Id.* at 1203–04 (footnotes omitted).

[4]The government concedes in footnote 1 of their response that they have also filed Notices of Pending Actions with the Register of Deeds in the counties where the real estate is located.

[5]21 U.S.C. § 853(k).

4

Finally, the government argues that Brenda Becker lacks standing to object to the *lis pendens* based on evidence that the land at issue was fraudulently conveyed to her. But again, the government fails to address the significance of this argument in the context of pretrial restraint versus an ancillary proceeding that is conducted after a conviction. The government relies on legal authority that governs post-conviction standing for third parties who claim an interest in forfeited assets. There is no dispute that the real estate tracts identified in the bills of particular are in fact substitute assets and not tainted property; the government defines it as such. This ends the inquiry on the issue of pretrial restraint.

**IT IS THEREFORE ORDERED BY THE COURT** that movant Brenda G. Becker's Petition for Ancillary Proceeding and for an Order Striking Lis Pendens Notice and for Related Relief (Doc. 104) is granted in part and denied in part. The motion for an order striking the *lis pendens* notices is granted. The petition for ancillary proceeding is denied.

**IT IS SO ORDERED**.

Dated: April 2, 2010

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE